PER CURIAM.
Appellant, Nick Joe Massie, challenges the trial court’s summary denial of his *1190 motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse for further proceedings.
Following a guilty plea, appellant was sentenced to thirty years’ imprisonment on three counts of lewd molestation of a child as a prison releasee reoffender (“PRR”) and on count I also as a habitual violent felony offender (“HVFO”). In the instant rule 3.850 motion, appellant alleged that his attorney was ineffective for failing to object to an illegal sentence. He claimed that his sentence is illegal on count I because he was sentenced to equal concurrent PRR and HVFO sentences. A PRR may also be sentenced as a habitual offender, and the PRR sentence serves as a minimum mandatory. See Grant v. State, 770 So.2d 655 (Fla.2000). However, the HVFO sentence must be longer than the PRR sentence, as equal concurrent sentences are in violation of the PRR Act. Id. at 659; Alvarez v. State, 789 So.2d 479 (Fla. 4th DCA 2001).
The trial court did not provide record attachments refuting appellant’s claim. The summary denial of the motion was, therefore, improper. See Tompkins v. State, 872 So.2d 230, 238 (Fla.2003); Fla. R.Crim. P. 3.850(d).
We, accordingly, reverse the summary denial of appellant’s motion and remand to the trial court for an evidentiary hearing or to refute appellant’s claim with record attachments.
REVERSED and REMANDED.
WOLF, VAN NORTWICK, and LEWIS, JJ., concur.