IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PHILLIP WASHINGTON,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1629

_____/

Opinion filed October 4, 2016.

An appeal from the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

Phillip Washington, pro se, Appellant.

Pamela Jo Bondi, Attorney General, for Appellee.

PER CURIAM.

      Appellant, Phillip Washington, challenges the trial court's summary denial of

his motion for postconviction relief filed pursuant to Florida Rule of Criminal

Procedure 3.850.  We reverse the denial of Ground 2(D) and part of Ground 2(E) for

the reasons that follow, but otherwise affirm the denial of the motion without further discussion.

In Ground 2(D) of his postconviction motion, Appellant argued that trial counsel rendered ineffective assistance in failing to make an adequate motion for judgment of acquittal and in not arguing that the State failed to prove Counts 1 and 3, which charged him with the attempted first-degree murder and attempted felony murder of Meena Narielwala. According to Appellant, there was no sufficient and competent evidence of the shooting and discharging of a firearm elements as to Mrs. Narielwala because Mr. Narielwala testified that one of the perpetrators tried to shoot him and she testified that she saw the gun pointed at her husband. In Ground 2(E), Appellant contended in part that trial counsel rendered ineffective assistance in failing to move for a new trial so as to allow for a determination of whether he was convicted under Counts 1 and 3 of crimes that never happened.

We reverse the summary denial of these two claims contained in Grounds 2(D) and (E) because the trial court did not provide record attachments refuting them, and remand to the trial court for an evidentiary hearing or to refute the claims with record attachments. See Valentine v. State, 98 So. 3d 44, 54 (Fla. 2012) (explaining that the defendant is entitled to an evidentiary hearing unless the postconviction motion and record conclusively show he is not entitled to relief or the motion or claim is legally insufficient and that in reviewing a trial court's

2

summary denial of a postconviction claim, the factual allegations must be accepted as true to the extent they are not refuted by the record); <u>Massie v. State</u>, 947 So. 2d 1189, 1190 (Fla. 1st DCA 2007) (stating that the summary denial of a postconviction motion is improper where the trial court did not provide record attachments refuting the defendant's claim).  Our reversal is limited to Count 3 given that Count 1 was dismissed and Appellant thus cannot show prejudice as to that count.  <u>See</u> <u>Victorino v. State</u>, 127 So. 3d 478, 486 (Fla. 2013) (explaining that in order to prevail on an ineffective assistance of counsel claim, the defendant must prove that his trial counsel's performance was deficient and the deficient performance was prejudicial for it deprived him of a fair trial).

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

WOLF, LEWIS, and OSTERHAUS, JJ., CONCUR.